UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA, WASHINGTON

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.

JOHN HARDMAN,

      Defendant

Case No. MJ25-5307DWC

RESPONSE TO MOTION FOR DETENTION

Defendant JOHN HARDMAN, by and through his attorneys, Carney & Marchi, hereby, submits this memorandum in response and opposition to the Government's Motion for Detention. The defendant requests that the Court set conditions of release in this matter and deny the Government's Motion for Detention.

Argument

The defendant is requesting that this Court set conditions of release which will assure his appearance at all future proceedings pursuant to 18 U.S.C. Sect. 3141 et seq. Mr. Hardman does not pose a flight risk. If he were released, he would reside with his son in Puyallup, Washington and comply with all the conditions of his release. He has resided in Washington state all of his life. His family resides in Washington. He is well-established in the Seattle area and has a job in the area. He is not a flight risk.

18 U.S.C § 3141 favors pretrial release over detention, it offers the court several choices in setting conditions of release. The court can release on personal recognizance; release on

RESPONSE TO MOTION FOR DETENTION - 1

conditions; or order detention. The government must show that the defendant is a danger to the community or that he poses a flight risk. 18 U.S.C § 3142(e)-(g) The court considers these options based on a number of factors including the background of the defendant, his criminal history the nature of the charges and the least important factor the weight of the evidence. *United States v. Motanedi,* 767 F.2d 1403 (9th Cir. 1986) The government must show that there are no conditions of release that alleviate the risks as noted in the statute. *United States v. Windsor,* 785 F.755 (9th Cir. 1986)

The United States Supreme Court has indicated that the Eighth Amendment may not allow detention based on flight. The Court stated: "when the government has admitted that its only interest is in preventing flight, bail must be set by a court at a sum designed to ensure that goal and no more." *United States v. Salerno,* 481 U.S. 739, 753 (1987) (citing to *Stack v. Boyle,* 342 U.S. 1 (1951)

Mr. Hardman also maintains that he is not a danger to the community. While he has served state time in DOC. His release was in 2007. His last criminal conviction was for a DUI in 2018. He complied with all conditions of that sentence. Given his ties to the community and the compliance with his criminal conviction, Mr. Hardman established that there are conditions for his release. Mr. Hardman maintains that he is not a flight risk and does not pose a threat to the community and thus this Court can set conditions of release.

As this is a presumption case, Mr. Hardman maintains that due to his community ties and the age of his convictions he has rebutted the presumption. See *United States v Abad* 350 F.3d 793

Conclusion.

Clearly, release is warranted and is appropriate in this matter. Mr. Hardman would ask that the Court release him on conditions that the Court determines are appropriate and that would ensure his attendance at further proceedings.

Dated this 8th day of August 2025.

Respectfully submitted,

*s/ Nicholas Marchi*
Nicholas W. Marchi, WSBA 19982
Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Defendant's Response to Motion for Detention was emailed via ECF or mailed first class; postage prepaid on 8/8/2025 to M. Shiner, Assistant United States Attorney, 700 Stewart Street, Suite 5220, Seattle, WA 98101

*S/Nicholas Marchi*
CARNEY & MARCHI, P.S.
Attorneys for Defendant