UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> vs. <br><br> LEVI GRAHAM, <br> Defendant. | ) <br> ) <br> ) <br> ) Case No: CR25-5166DGE-19 <br> ) <br> ) <br> ) DEFENDANT'S MOTION FOR PRETRIAL <br> ) RELEASE IN PRESUMPTION CASE <br> ) <br> ) Clerk's Action Required: <br> ) Note for April 28, 2026 |

ORAL ARGUMENT REQUESTED

Defendant Levi Graham, by his attorney, Allyson Barker, respectfully request that this Court release him on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142 and *United States v. Salerno*, 481 U.S. 739 (1987). Mr. Graham has rebutted the presumption of detention with evidence that he will participate in inpatient treatment at American Behavioral Health Services, and with information that he must be released from detention in order to meaningfully assist in the dependency actions of his children and to cultivate his relationship with them, and that he has reliable supports with various social workers and attorneys all committed to his success.

### Mr. Graham Should be Released on Bond with Conditions

This Court should release Mr. Graham with conditions. In this case, the statute creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

DEFENDANT'S MOTION
FOR PRETRIAL RELEASE
IN PRESUMPTION CASE

 **YELISH, BARKER & CUNNINGHAM** Yelish Barker & Cunningham
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

§ 3142(e)(3). In considering the presumption, there are two steps. First, the Court must consider whether the defense has met the very low burden of production to rebut the presumption. As shown below, Mr. Graham has evidence that rebuts the presumption. Second, the Court must consider the presumption alongside all other §3142(g) factors, even if the presumption has not been rebutted. Release is warranted in this case because there are numerous facts under § 3142(g) that both rebut the presumption of detention and demonstrate there are conditions of release that will reasonably assure both Mr. Graham's appearance in court and the safety of the community.

As the Supreme Court held in *Salerno*, "In our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." 481 U.S. at 755. This presumption of release is effectuated through the Bail Reform Act, 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

## The Presumption of Detention is Rebutted

Under the law, very little is required for a defendant to rebut the presumption of detention, and therefore judges should find the presumption rebutted in most cases. To rebut the presumption,

DEFENDANT'S MOTION
FOR PRETRIAL RELEASE
IN PRESUMPTION CASE

**YELISH, BARKER & CUNNINGHAM**

Yelish Barker & Cunningham
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

a defendant simply needs to produce "some evidence that he will not flee or endanger the community if released." *Dominguez*, 783 F.2d at 707; *see also United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990) ("[T]o rebut the presumption, the defendant must produce some evidence."); *United States v. Gamble*, No. 20-3009, 2020 U.S. App. LEXIS 11558 at *1–2 (D.C. Cir. Apr. 10, 2020) (holding that "[t]he district court erred in concluding that appellant failed to meet his burden of production to rebut the statutory presumption" regarding dangerousness because "appellant did 'offer some credible evidence contrary to the statutory presumption,'" including information that he had a job offer) (unpublished) (quoting *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985)).

Mr. Graham has rebutted this presumption because there is evidence that he will not flee or endanger the community if released. Mr. Graham needs intensive inpatient substance use treatment and has a bed date set at American Behavioral Health Systems in Chehalis for May 5. Mr. Graham is ready to turn his life around and realizes this present opportunity could very well be his last chance. Mr. Graham also understands that if he does not follow conditions of his release and report to treatment, the punishment for failing to do so will be severe. Mr. Graham asks the court to consider his need for treatment and his personal desire to address the area in his life that has lead him down the path he is desperately trying to leave behind.

Additionally, Mr. Graham is a father. He has three children currently in dependency actions and they are at risk of being placed in foster homes permanently. If Mr. Graham were released, he would be able to have meaningful contact with his children, strengthen his bond with them, and be the father he wants to be. He would also be able to participate in parenting classes that, if completed, will go a long way in showing the Department of Children, Youth, and Families that

DEFENDANT'S MOTION
FOR PRETRIAL RELEASE
IN PRESUMPTION CASE

**YELISH, BARKER & CUNNINGHAM**

Yelish Barker & Cunningham
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

he is capable of being a present father.

Furthermore, one of Mr. Graham's children is a newborn daughter named Kashlynn. Mr. Graham's wife gave birth to Kashlynn while he was incarcerated, and he has yet to hold her or even see her. If Mr. Graham remains in custody, that will not change. Because of Kashlynn's medical condition, her pediatrician recommended she not be brought to the Federal Detention Center because doing so might expose her to a variety of illnesses that could prove fatal. Efforts are now being made for Mr. Graham to sing lullabies over the phone so Kashlynn can know the voice of her father. While a newborn hearing their parent's voice is very important, what's even more important is the ability for that child to physically feel the embrace of that parent. Mr. Graham deserves that opportunity, just like any parent does.

Given that Mr. Graham needs inpatient SUD treatment, has multiple children at risk of going into foster care permanently, and a newborn daughter that cannot see him until he is released from custody, there is enough evidence to rebut the presumption that Mr. Graham is not a flight risk.

As for the safety of the community, while the instant offense that Mr. Graham is alleged to have done is serious, no firearm was found, he complied with law enforcement instructions and was arrested without incident. Mr. Graham is not a violent person and, as mentioned above, understands that if he were to have any violation while released, the consequences would be severe.

For the reasons listed above, Mr. Graham has rebutted the presumption of detention and the burden of persuasion now turns to the government.

### Detention Standard

The Bail Reform Act requires that a court release a criminal defendant on personal recognizance or on an unsecured bond appearance unless such release "will not reasonably assure

DEFENDANT'S MOTION
FOR PRETRIAL RELEASE
IN PRESUMPTION CASE

**YELISH, BARKER & CUNNINGHAM**

Yelish Barker & Cunningham
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Additionally, the Ninth Circuit noted that "[o]nly in rare cases should release be denied." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)).

Once the Government moves for detention, the court must determine whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community. In making this determination, the court must look at the factors in 18 U.S.C. §3142 (g). On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that there are no conditions that will reasonably assure the defendant's appearance as required, and by clear and convincing evidence that there are no conditions that will reasonably assure the safety of any other person and the community. *United States v. Gebro*, 948 F.2d 1118, 1121(9th Cir. 1991).

Additionally, of the four factors listed in §3142(g), the Ninth Circuit has repeatedly declared that the weight of the evidence is the least important factor, and the statute neither requires nor permits a pretrial determination of guilt. *Gebro*, 948 F.2d at 1121. *See also Hir*, 517 F.3d at 1090; *United States v. Winsor,* 785 F.2d 755, 757 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1408. United States v. Carr, No. 2:23-CR-00025-TL-2, 2023 WL 4586169, at *4 (W.D. Wash. July 18, 2023).

### Regardless of the Presumption, Mr. Graham Must Be Released Because There are Conditions That Will Reasonably Assure Appearance and Safety

A defendant cannot be detained "unless a finding is made that no release conditions 'will reasonably assure…the safety of the community'" and the defendant's appearance in court. Dominguez, 783 F.2d at 707 (quoting §3142(e)). Here, the government has not carried its high

DEFENDANT'S MOTION
FOR PRETRIAL RELEASE
IN PRESUMPTION CASE

**YELISH, BARKER & CUNNINGHAM**

Yelish Barker & Cunningham
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

burden of proving by clear and convincing evidence there are no release conditions that will reasonably assure the safety of the community. The government has also not proved by a preponderance of the evidence that there are no conditions that would reasonably assure Mr. Graham's appearance in court. Thus, Mr. Graham cannot be detained.

The following conditions of release under §3142(c)(1)(B), and any other conditions the Court deems necessary, will reasonably assure Mr. Graham's appearance in court and the safety of the community:

- The standard conditions found in appearance bonds within this District
- Maintain or actively seek employment
- Electric monitoring
- Participation in, and successful completion of, inpatient SUD treatment

Because there are conditions of release that will reasonably assure Mr. Graham's appearance in court and the safety of the community, he should be released.

Mr. Graham also has strong supports committed to his success. He currently has one social worker through the Department of Children, Youth and Families, another social worker through the Washington State Office of Public Defense, and his attorney in the dependency action. Notably, the social worker with the Washington State Office of Public Defense, Jason Bragg, is particularly qualified to assist Mr. Graham in finding the resources he desperately needs. Counsel has had extensive conversations with Mr. Bragg regarding treatment and subsequent housing once treatment is over. Mr. Bragg assured counsel that if Mr. Graham were released, he would be able to find him housing given his connections within the state and knowledge of various housing resources.

DEFENDANT'S MOTION FOR PRETRIAL RELEASE IN PRESUMPTION CASE

**YELISH, BARKER & CUNNINGHAM** Yelish Barker & Cunningham 1963 Bethel Ave. Port Orchard, WA 98366 Telephone: (360) 876-9900

## <u>Conclusion</u>

For the reasons listed above, Mr. Graham respectfully requests that this Court find that the presumption of detention has been rebutted and release him with conditions.

DATED this 14th day of April, 2026.

Allyson Barker
WSBA #35448
Attorney for Defendant

DEFENDANT'S MOTION
FOR PRETRIAL RELEASE
IN PRESUMPTION CASE

**YELISH, BARKER & CUNNINGHAM**

Yelish Barker & Cunningham
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2026, I electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each participant in this case.

_____
Allyson Barker
WSBA #35448
Attorney for Defendant

DEFENDANT'S MOTION
FOR PRETRIAL RELEASE
IN PRESUMPTION CASE

**YELISH, BARKER & CUNNINGHAM**

Yelish Barker & Cunningham
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900