UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      vs.<br><br>JOHN HARDMAN,<br><br>      Defendant | Case No. 3:25-cr-5166-DGE-18<br><br>MOTION TO REOPEN DETENTION HEARING AND REVOKE DETENTION ORDER AND ATTACHED MEMORANDUM OF LAW<br><br>Note: 05/22/2026 |

## **MOTION**

COMES NOW the defendant, JOHN HARDMAN, by and through his attorneys, CARNEY & MARCHI, and requests this Court revoke or amend the Detention Order or in the alternative reopen the Detention Hearing held on December 19, 2025. On that date the Court granted the government's request for revocation of his pre-trial release. This motion is made pursuant to 18 U.S. C. §§3145(b) and 3142(f) and based on information, which did not exist at the time of the hearing. This motion is based on the attached memorandum of law.

DATED this 5th day of May 2026.

                  *s/Nicholas Marchi*
                  Nicholas Marchi, WSBA 19982
                  CARNEY & MARCHI

MOTION TO REOPEN
DETENTION HEARING  1

<u>MEMORANDUM OF LAW</u>

**A.    Facts**

Mr. Hardman is charged by the Second Superseding Indictment with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C §§841(a)(1) and (b)(1)(c); and Possession of a Controlled Substance with Intent to Distribute in violation of  21 U.S.C §§841(a)(1) and (b)(1)(A). He is one of twenty-one named defendants.  Trial in this matter is set for June 15, 2026.  It is anticipated that the matter will be continued to March of 2027.

At his Revocation Hearing on December 19, 2026, the government alleged and Mr. Hardman was in possession of fentanyl.  He was also in possession of marijuana.  Finally, he was engaged in the distribution of controlled substances while he was on pre-trial released.  The court found that there was probable cause to believe that Mr. Hardman committed each violation.  The court then revoked release and entered a Detention Order.

Mr. Hardman was then detained as BOP-SeaTac.  While being detained at SeaTac, he has not been receiving any medical attention for his heart condition. He has made numerous requests for medical attention.  See Exhibit A.

On or about March 19, 2026, he was informed by the medical staff that he has Wolf-Parkinson-White syndrome, which is a congenital abnormality of the heart.  Exhibit B   Prior to his incarceration, Mr. Hardman had a heart attack, and stints were placed in his heart. He was being actively monitored by his doctors at Evergreen Hospital.

Since his detention, he has not been treated for this medical attention.  Mr. Hardman maintains that this new information overcomes the concerns of the court and that the court can now set release conditions that will ensure attendance at hearings and for the safety of the

community. By releasing him, he will be able to get the medical treatment that he needs. Further detention could result in the possibility of another heart attack and possible death.

**B. Argument.**

The defendant is requesting that this Court set conditions of release which will assure his appearance at all future proceedings pursuant to 18 U.S.C. Sect. 3142 et seq. Mr. Hardman does not pose a flight risk. If he were released, he would seek employment and comply with all conditions of his release.

18 U.S.C § 3142 favors pretrial release over detention, it offers the court several choices in setting conditions of release. The court can release on personal recognizance; release on conditions; or order detention. The government must show that the defendant is a danger to the community or that he poses a flight risk. 18 U.S.C § 3142(e)-(g) The court considers these options based on a number of factors including the background of the defendant, his criminal history, the nature of the charges and the least important factor the weight of the evidence. *United States v. Motanedi,* 767 F.2d 1403 (9th Cir. 1986) The government must show that there are no conditions of release that alleviate the risks as noted in the statute. *United States v. Windsor,* 785 F.755 (9th Cir. 1986)

The United States Supreme Court has indicated that the Eighth Amendment may not allow detention based on flight. The Court stated: "when the government has admitted that its only interest is in preventing flight, bail must be set by a court at a sum designed to ensure that goal and no more." *United States v. Salerno,* 481 U.S. 739, 753 (1987) (citing to *Stack v. Boyle,* 342 U.S. 1 (1951)

18 U.S.C. §3142(e) contains three categories of criminal offenses that give rise to a rebuttable presumption that "no condition or combination of conditions" will (1) "reasonably

assure" the safety of any other person and the community if the defendant is released; or (2) "reasonably assure" the appearance of the defendant as required *and* "reasonably assure" the safety of any other person and the community if the defendant is released.

The rebuttable presumption relating to both "risk of flight" and "danger to the community" pertains to those cases where the judicial officer finds there is probable cause to believe that the defendant committed: (1) a drug offense (as defined under Title 21) when the maximum term of imprisonment is 10 years or more; or (2) an offense under Title 18, United States Code, Section 924(c). 18 U.S.C. § 3142(e).

The indictment alone is sufficient to raise the rebuttable presumption that no condition (or combination of conditions) will ensure the defendant's reappearance for trial and that no conditions of release will ensure the safety of the community. *United States v. Dominguez*, 783 F.2d 702, 706 n.7 (7th Cir. 1986)

The government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985); *see also United States v. Arena*, 894 F. Supp. 580, 585-86 (N.D.N.Y. 1995). "The issue in such a hearing is whether releasing a defendant would pose a danger to the community that would not exist were [the defendant] detained." *Rodriguez*, 897 F. Supp. at 1463 (*citing United States v. Phillips*, 732 F. Supp. 255, 267 (D.Mass. 1990), *reh'g denied*, 952 F.2d 591 (1st Cir.), *cert. denied*, 113 S.Ct. 113 (1992); *see also United States v. Smith*, 79 F.3d 1208, 1209 (D.C.Cir.1996) (per curiam); *United States v. Portes*, 786 F.2d 758 (7th Cir. 1985); *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985).

A defendant must establish two essential elements before the issue of detention may be reopened: 1) that information now exists that was not known to a defendant at the time of the

MOTION TO REOPEN
DETENTION HEARING  4

initial hearing, and 2) the new information is material to release conditions regarding flight or dangerousness." *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989).

Finally, when a defendant moves for release on bail following pretrial detention, the court must consider three factors: "(1) the length of the pretrial detention; (2) the extent to which the prosecution is responsible for the delay of the trial; and (3) the strength of the evidence upon which the pretrial detention was based." *United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993)

Mr. Hardman maintains that the lack of medical treatment for his severe heart condition, is new and material evidence that was not available at the time of his Revocation Hearing. Based on this new information, the Court should revoke the Detention Order and order his release. In the alternative, he would request that the Detention Hearing be reopen and that the Court consider the new evidence. He is not a flight risk and does not pose a threat to the community and thus this Court can set conditions of release.

Given that trial in this matter may be set for trial in March 2027, and given that Mr. Hardman has been detained since December 19, 2025, and the fact that his medical needs are not being addressed by the facility, this Court should and can set conditions of release.

//

//

//

//

//

**C.      Conclusion.**

Clearly, release is warranted and is appropriate in this matter.  Mr. Hardman would ask for release on conditions that the Court determines are appropriate and that would ensure his attendance at further proceedings.

DATED this 5th day of May 2026.

Respectfully Submitted,

S/ *Nicholas Marchi*
Nicholas Marchi, WSBA 19982
CARNEY & MARCHI
Attorneys for Defendant

I certify that, pursuant to Local Rule, this document contains 1419 words.

## <u>CERTIFICATE OFSERVICE</u>

I certify that a copy of the Motion to Re-Open Detention Hearing was e-mailed via ECF on 5/5/2026, to M. Shiner Assistant United States Attorney, 700 Stewart Street, Suite 5220, Seattle, WA 98104.

> *S/ Nicholas Marchi*
> CARNEY & MARCHI, P.S.
> Attorneys for Defendant