Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOHN HARDMAN,

Defendant

Case No.CR25-5166-DGE-18

MOTION FOR REVIEW AND REVOCATION OF DETENTION ORDER AND ATTACHED MEMORANDUM OF LAW

Note: July 10, 2026

## **MOTION**

COMES NOW the defendant, JOHN HARDMAN, by and through his attorneys, CARNEY & MARCHI, and requests this Court review the denial of his Motion to Reopen Detention Hearing and Revocation of Detention Ordered entered by the U.S. Magistrate on June 9, 2026. (ECF 347)  The defendant now seeks review of that decision pursuant to 18 U.S.C. §3145(b).  This motion is based on the attached memorandum of law.

DATED this 22nd day of June 2026.

s/Nicholas Marchi
Nicholas Marchi, WSBA 19982
CARNEY & MARCHI

MOTION TO REVIEW AND
REVOCATION OF DETENTION ORDER  1

<u>MEMORANDUM OF LAW</u>

### I.     Facts

Mr. Hardman is charged by the Second Superseding Indictment with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C §§841(a)(1) and (b)(1)(c); and Possession of a Controlled Substance with Intent to Distribute in violation of  21 U.S.C §§841(a)(1) and (b)(1)(A). He is one of twenty-one named defendants.  Trial in this matter is set for March 8, 2027.

On June 1, 2026, Mr. Hardman filed a Motion to Reopen Detention Hearing and Revocation of Detention Order. (ECF 324)  On June 9, 2026, after hearing arguments, the Magistrate Judge denied the request.  The Magistrate Judge found that Mr. Hardman had not met his burden of establishing new and material evidence that would warrant reopening.  She further found that there were no conditions of release that could be set due to the facts of the case and the revocation of the Release Order on December 19, 2025.  She further found that the defendant was a danger to the community. Mr. Hardman maintains that he did raise new and material information. He further maintains that he is not a danger to the community and that conditions of release can be set that would ensure his presence at all future hearings and trial.  Mr. Hardman asks this Court to set conditions of release after revoking the Detention Order.

### II. Argument

Section 3145(b) of title authorizes the district court to review detention orders issued by federal magistrate judges.  Although the standard of review is not set forth in §3145(b), the Ninth Circuit has held that a district court has the jurisdiction to review de novo a magistrate's detention order. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

MOTION TO REVIEW AND
REVOCATION OF DETENTION ORDER  2

The Bail Reform Act of 1984 requires the release of a person facing trial under the least restrictive conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(c)(1) (1994); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Regarding the statutory requirements, the Ninth Circuit has stated: "The Fifth and Eighth Amendments' prohibitions of deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985).

The defendant is requesting that this Court set conditions of release which will assure his appearance at all future proceedings pursuant to 18 U.S.C. Sect. 3141 et seq. Mr. Hardman is not a flight risk nor does he pose a danger to the community.

The government must show that the defendant is a danger to the community or that he poses a flight risk. 18 U.S.C § 3142(e)-(g) The court considers these options based on a number of factors including the background of the defendant, his criminal history, the nature of the charges and the least important factor the weight of the evidence. *United States v. Motamedi,* 767 F.2d 1403 (9th Cir. 1986) The government must show that there are no conditions of release that alleviate the risks as noted in the statute. *United States v. Windsor,* 785 F.755 (9th Cir. 1986)

The seriousness of the charges against the defendant and the weight of the evidence against him, when used to sustain a detention order, are the least important of the factors the court must consider under §3142(g), and do not warrant pretrial detention on their own because that would result in a de facto predetermination of the defendant's guilt. *Motamedi,* 767 F.2d at 1408.

The government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *United States v. Orta,*

MOTION TO REVIEW AND
REVOCATION OF DETENTION ORDER 3

760 F.2d 887 (8th Cir. 1985); *see also United States v. Arena*, 894 F. Supp. 580, 585-86 (N.D.N.Y. 1995).

In Mr. Hardman's Motion to Reopen, he maintained that he was not receiving proper medical care from SEATAC BOP for his heart condition. He suffers from Wolf-Parkinson-White syndrome, which is a congenital abnormality of the heart. As attachments to his motion, he submitted numerous requests for medical attention for his heart condition. See ECF 347 As a result of not getting proper medical attention Mr. Hartman requested that he be released so he could get the medical attention that he needs.

The government heavily relied on the weight of the evidence and the nature of the charges in its request for denial. The government further maintained that Mr. Hardmann had not established new material evidence; as his heart condition was not new and he suffered from the heart condition while he was released. The Magistrate Judge agreed. The Magistrate Judge further found that Mr. Hardman was receiving proper medical care while he was at the facility, and he was scheduled for an appointment with a heart specialist on June 25, 2026. Finally, she found that based on the facts presented at the revocation hearing on December 19, 2025, Mr. Hardman was a danger to the community.

Mr. Hardman maintains that the Magistrate Judge erred. While it is true that he suffered from a heart condition prior to being detained, what was new was the fact that he was not getting medical care for said condition. This was new and material information that was not available to him at the time of his last detention hearing. The Judge erred when she found he had not met his burden.

Mr. Hardman is not a flight risk and does not pose a threat to the community. While the government maintained that he had several violations of his pre-trial release conditions by failing

to attend treatment, Mr. Hardman maintains that he was seeking treatment and was complying with treatment. Finally, Mr. Hardman denies that he was engaged in selling drugs while he was on pre-trial release conditions. Mr. Hardman would request that this Court grant conditions of release.

### III. Conclusion

Based on the record herein, it is respectfully requested that the Court revoke the Detention Order and set conditions of release.

DATED this 22nd day of June 2025.

<div style="margin-left: 40%;">

Respectfully Submitted,

S/ *Nicholas Marchi*
Nicholas Marchi, WSBA 19982
CARNEY & MARCHI
Attorneys for Defendant

</div>

*Counsel certifies pursuant to Local Criminal Rule that this motion contains 1223 words.*

MOTION TO REVIEW AND
REVOCATION OF DETENTION ORDER  5

## CERTIFICATE OFSERVICE

I certify that a copy of the Motion to Review and Revocation Detention Order was e-mailed via ECF on 6/22/2026, to M. Shiner Assistant United States Attorney, 700 Stewart Street, Suite 5220, Seattle, WA 98104.

*S/ Nicholas Marchi*
CARNEY & MARCHI, P.S.
Attorneys for Defendant

MOTION TO REVIEW AND
REVOCATION OF DETENTION ORDER  6